**Donald D. PRIMUS, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner of the Social Security Administration Defendant–Appellee.**

No. 01–16474.

D.C. No. CV–96–02982–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and submitted Dec. 5, 2002.

Decided Jan. 9, 2003.

Before COWEN,* HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM**

Donald D. Primus ("Primus") appeals the denial of his application for supplemental social security income benefits. Primus suffered an on-the-job injury on December 14, 1989, while employed with the United States Postal Service, and sought treatment for his ailments from psychologist Nathan Hare, Ph.D. In a report dated February 19, 1995, Dr. Hare found that Primus suffered from anxiety-related disorders, and post-traumatic stress. Dr. Hare's report also found Primus exhibited marked restrictions in daily living activities and social functioning. Other mental

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

health care professionals agreed that Primus suffered from post-traumatic stress and affective disorders. The ALJ's decision denying Primus's application, however, questioned Dr. Hare's analysis and course of treatment.

The Social Security Regulations distinguish between treating and examining physicians, according the medical opinion of a treating physician "controlling weight" if "supported by medically acceptable diagnostic techniques and … not inconsistent with other substantial evidence in the record…." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001); *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); 20 C.F.R. § 404.1527(d).

The ALJ's decision noted that although Dr. Hare found Primus suffered from "severe psychological symptoms," Primus was taking only a "skeletal muscle relaxant" known as Soma, and Vallium, "a mild tranquilizer." The ALJ questioned this course of treatment in light of the severe symptoms Dr. Hare diagnosed, finding no indication that Primus was ever prescribed anti-depressants.

In rejecting the opinion of a physician, the ALJ "must set forth his own interpretations and explain why they, rather that the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998). The ALJ's decision does not conform to this standard, as his opinion does not explain the weight, if any, actually accorded to Dr. Hare's opinion. The ALJ's single statement regarding Primus's drug therapy appears to be of little value, as Dr. Hare is a psychologist, without the authority to prescribe medications.

After a finding of reversible error, we have discretion to remand for further evidence, or for an immediate award of benefits. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002). We may direct the award of benefits where the record is "fully developed," and additional proceedings "would serve no useful purpose." *Id.* at 1076–77. Here, once the significance of Dr. Hare's opinion is determined, it is still necessary to consider whether gainful employment opportunities are available to Primus. As it is not apparent from the record that the ALJ would be required to find Primus disabled, we remand and direct the ALJ to make a clear statement of his reasons for accepting or rejecting Dr. Hare's opinion. Once the ALJ specifies the weight accorded to Dr. Hare's evaluation, the ALJ should construct a proper hypothetical for the vocational expert incorporating all of the relevant professional testimony.

REVERSED AND REMANDED