**Jeanette HARRIS, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 02–55540.

D.C. No. CV–99–02541–J/JAH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided May 7, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Claimant–Appellant Jeanette Harris appeals the district court's order upholding the Commissioner of Social Security's denial of disability insurance benefits under Title II of the Social Security Act. Because the parties are familiar with the facts, we recite them only as necessary. We remand to the Commissioner for further proceedings before the ALJ.

A district court's order upholding a decision of the Commissioner denying benefits

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is reviewed de novo. *Aukland v. Massanari*, 257 F.3d 1033, 1034 (9th Cir.2001). This Court can set aside the Commissioner's decision only when the ALJ's findings are either based on legal error or not supported by substantial evidence in the record as a whole. *Id.* at 1035. We hold that the ALJ's determination that Harris is capable of performing sedentary work is based on a legal error, because the ALJ did not provide "specific and legitimate" reasons to reject the testimony of Harris's treating orthopedist, Dr. Georgis.

The Commissioner argues that the ALJ properly rejected Dr. Georgis's opinion because his diagnosis conflicted with other medical opinions. While the Commissioner is correct in noting that final responsibility for deciding the issue of disability is reserved to the Commissioner rather than the treating physician, 20 C.F.R. § 416.927, it is also well-established that when making that determination, a treating physician should be accorded more weight than a non-treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996). Even in cases where the treating physician's opinion is contradicted by another doctor, the Commissioner may not reject this opinion unless she provides "specific and legitimate" reasons which are supported by substantial evidence. *Id. See also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001).

■ The ALJ relied in large part upon the testimony of Dr. Woodward, the Commissioner's medical expert, in rejecting Dr. Georgis's opinion. However, Dr. Woodward was not conclusive in his testimony that Harris's medical record did not account for the highly restrictive functional limitations which Dr. Georgis imposed on the claimant. He repeatedly remarked that he needed further information, such as from Harris's new neurosurgeon at UCSD, before he could properly render an opinion. Given Dr. Woodward's expressed need for more information, his testimony did not supply a sufficient basis for disregarding the opinion of the treating physician, Dr. Georgis. If the ALJ was so inclined, he should have obtained the information necessary for Dr. Woodward to provide a more authoritative opinion, rather than deciding to disregard Dr. Georgis's opinion based on the information available at that time. *See Id.* (holding that an ALJ's decision to ignore a medical expert's recommendation for a more detailed report constituted reversible error).

The ALJ found that Dr. Georgis's opinion contradicted his own progress notes, since he proclaimed Harris's back surgery as successful, and found no evidence of a herniated disc, severe spinal stenosis, hardware failure or instability, but later noted that she remained disabled. It is not unusual for a patient's symptoms to deteriorate, however, and it was Harris's worsening symptoms that led Dr. Georgis to order a CT myelogram to be performed on March 21, 1997. Dr. Georgis's observations were based on objective evidence and a long period of treatment, and as such, are entitled to substantial weight. *See* 20 C.F.R. § 416.927(d)(2)(I).

■ Another reason given for disregarding Dr. Georgis's opinion was that Dr. Georgis failed to answer two questions on an SSA questionnaire related to the claimant's "malingering." ER 10. The ALJ explicitly assumed that Dr. Georgis omitted those answers because they would have been adverse to his patient, and then treated the inferred adverse answers as affirmative evidence supporting the decision to disregard the doctor's expressed opinion. That approach impermissibly put words in Dr. Georgis's mouth and was not a reasonable inference under the circumstances.

If the ALJ required further explanation from the treating physician to properly evaluate the medical evidence, he could have conducted an "appropriate inquiry" by subpoenaing the physician, submitting further questions to the physician, or continuing the hearing to supplement the record. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996); 20 C.F.R. § 404.1519. The ALJ did not do so here. Since there was a need for further information in this case, the medical expert's testimony alone did not provide a "specific and legitimate" reason to disregard the contrary opinion of Dr. Georgis.

Because the ALJ may not have given adequate weight to Dr. Georgis's medical opinion, the hypothetical posed to the vocational expert ("VE") may not have been complete. In order to sustain the Commissioner's burden of establishing that the claimant is capable of performing other available work in the national economy, the ALJ must accurately describe all of the claimant's work limitations when creating a hypothetical for the VE. *See Bruton v. Massanari,* 268 F.3d 824, 828 (9th Cir. 2001). These should include any additional limitations that come to light upon reconsideration of Dr. Georgis's opinion.

██ Harris's argument that the ALJ erred in disregarding the psychological diagnosis of her treating psychotherapist, Charles Wigle, fails, since Mr. Wigle was not a medical doctor, and therefore not entitled to the deference accorded to "accepted medical source[s]" under 20 C.F.R. § 404.1513(a).

██ Furthermore, Harris's argument that the ALJ erred in making a "boilerplate finding" that her impairments did not meet or equal any of the those listed in the Listing of Impairments is to no avail, even though forms completed by Mr. Wigle and Dr. Georgis indicated that she did meet specific listings. Although a claimant may be otherwise found disabled, a mere diagnosis of a listed condition does not establish that a claimant meets the listing requirements. *See Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir.1995).

For the reasons stated above, we conclude that the case should be returned to the Administrative Law Judge for further proceedings, including further consideration of the testimony of Harris's treating physician, or for a statement of specific and legitimate reasons for disregarding such testimony.

The judgment of the district court is vacated and the case is remanded with further directions to remand to the commissioner.

**VACATED AND REMANDED.**