**Beatriz v. LOUNSBURRY,**
**Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 04–15690.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided May 10, 2006.*

Kelly Dunn, Esq., Hawkins Center Legal and Support Service, Richmond, CA, for Plaintiff–Appellant.

Sarah Ryan, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, ALARCON, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Beatriz Lounsburry appeals the district court's judgment affirming the Commissioner of Social Security's decision to deny her disability benefits under Title II of the Social Security Act. Lounsburry's application for benefits was denied initially and on reconsideration, and Lounsburry requested a hearing before an administrative law judge ("ALJ"). The ALJ found that although Lounsburry had severe exertional and non-exertional impairments that precluded her performing her previous work, these impairments were not disabling because they did not preclude Lounsburry from performing other work existing in significant numbers in the economy. Lounsburry appeals. She contends that the ALJ committed legal error because Rule 202.00(c) of the Medical–Vocational Guidelines, as applied to the ALJ's uncontested findings of fact, directs as a matter of law a determination that Lounsburry is

---

* Opinion withdraw from bound volume. Superseded by 464 F.3d 944.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

disabled. We REVERSE and REMAND WITH INSTRUCTIONS for the payment of benefits.

### I.

We review *de novo* the decision of the district court affirming the decision of the ALJ. *Aukland v. Massanari,* 257 F.3d 1033, 1034–1035 (9th Cir.2001). We may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error. *See Penny v. Sullivan,* 2 F.3d 953, 956 (9th Cir.1993). In this appeal we are called on to determine Lounsburry's disability status under the Medical–Vocational Guidelines, referred to as "the grids." 20 C.F.R. Part 404, Subpt. P, App. 2. The ALJ declined to apply the grids, except as an advisory framework, because Lounsburry's residual functional capacity was further reduced by her severe non-exertional, postural limitations. The ALJ also relied on the testimony of a vocational expert in concluding that Lounsbury was not disabled. This was legal error.

Application of the grids is not discretionary. Because the grids are not designed to establish automatically the existence of jobs for persons with both severe exertional and non-exertional impairments, they may not be used to direct a conclusion of *nondisability. See Tackett v. Apfel,* 180 F.3d 1094, 1102 (9th Cir.1999). However, the grids provide that:

> where an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in *determining first whether a finding of disabled may be possible based on the strength limitations alone....*

20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e)(2) (2006) (emphasis added). "[W]here application of the grids directs a finding of *disability,* that finding must be accepted by the Secretary ... whether the impairment is exertional or results from a combination of exertional and non-exertional limitations." *Cooper v. Sullivan,* 880 F.2d 1152, 1157 (9th Cir.1989) (emphasis added). It is Social Security Administration policy that the ALJ may not look to other evidence to rebut this conclusion. Soc. Sec. Rul. 83–5a. Under no circumstances may a vocational expert's testimony supplant or override a disability conclusion dictated by the Guidelines. *See Swenson v. Sullivan,* 876 F.2d 683, 688 (9th Cir.1989). In other words, the grids serve as a ceiling. *Cooper,* 880 F.2d at 1156. Before turning to a vocational expert, the ALJ should have analyzed whether Lounsburry's exertional impairments were enough, by themselves, to warrant a finding of disabled.

### II.

The ALJ's factual findings are not in dispute. Lounsburry's residual functional capacity to perform light work prevents her return to past work but includes some transferable skills. Ignoring Lounsburry's non-exertional limitations, we hold that this medical-vocational profile qualifies Lounsburry as disabled under Rule 202.07. The ALJ misapplied Rule 202.07 by failing to consider fully the effect of Rule 202.00(c). Footnote (2) to Rule 202.07 makes express reference to Rule 202.00(c), thereby incorporating language from Rule 202.00(c) that expands the circumstances under which claimants with transferable skills can be found disabled. Rule 202.00(c) provides:

> (c) However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have *only skills that are not readily transferable to a significant range of semi-skilled or skilled work* that is within the individual's functional capacity, or

who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work *warrant a finding of disabled.* Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

(emphasis added)

At issue is the meaning of the phrase, "significant range of ... work." The Commissioner takes the position that the term "work" refers to individual *jobs,* and the phrase "significant range" only requires Lounsbury to adjust to other work existing in significant numbers in the national economy in one or more occupations. However, the term "work" under Rule 202.00(c) means distinct *occupations,* and "significant numbers" is no substitute for and cannot satisfy the plain language of Rule 202.00(c) requiring a "significant *range* of ... work" (emphasis added). Social Security Ruling 83–10 (1983) ("SSR 83–10") "address[es] the issue of capability to do other work" by providing "definitions of terms and concepts frequently used in evaluating disability under the medical-vocational rules." SSR 83–10 defines the phrase, "Range of Work," as *"Occupations* existing at an exertional level." It defines the related phrase, "Full Range of Work," as "All or substantially all *occupations* existing at an exertional level."

The Commissioner's reliance on 20 C.F.R. § 404.1566(b) (2004), which provides that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations)," is misplaced. In whatever manner "work" is defined, Rule 202.00(c) demands a "significant range of" it. To interpret "significant range of ... work" to mean simply "work" nullifies the concept of "range" contained in the text. Congress might

have drafted Rule 202.00(c) to require only a "significant number of jobs"; it did not.

Furthermore, 20 C.F.R. § 404.1566(b) is inapplicable to Lounsbury's case because it does not elaborate on Rule 202.00(c). It defines "work" at a high level of generality and only to operationalize the broad definition of disability articulated by the Commissioner in interpreting 42 U.S.C. § 423(d)(2)(A). However, the purpose of the grids is to individualize the disability determination process. The grids supply tests for satisfying section 423(d)(2)(A) in particular cases. The Commissioner may not substitute a definition of disability applicable generally for one narrowly tailored by the grids to Lounsbury's circumstances.

Finally, our conclusion that Rule 202.00(c) directs an outcome of disabled is consistent with Social Security Ruling 82–41 (1982) ("SSR 82–41"). SSR 82–41 reinforces the policy behind Rule 202.00(c) by clarifying that "advancing age decreases the possibility of making a successful vocational adjustment," and reduced residual functional capacity is an "important factor[ ] associated with transferability" of skills. *Id.* at (4)(a). In fact, SSR 82–41 suggests Lounsbury is an ideal candidate for disability under Rule 202.00(c). The only duties a Nurse Aide/Assistant—Lounsbury's past occupation—performs which suggest transferable skills are merely "occasional or incidental parts of the overall nurse aide job ... [and] would not ordinarily give a meaningful vocational advantage over unskilled." *Id.* at (2)(d).

REVERSED and REMANDED WITH INSTRUCTIONS for the payment of benefits.