

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY BARRIENTEZ,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN**,
Commissioner of Social Security,

        Defendant - Appellee.

No. 11-35756

D.C. No. 3:10-cv-05642-JLR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted April 11, 2013
Seattle, Washington

Before: TASHIMA and CALLAHAN, Circuit Judges, and COLLINS, District
Judge.***

---

    * This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3

    ** Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, as
Commissioner of Social Security pursuant to Fed. R. App. P. 43(c)(2).

    ** The Honorable Raner C. Collins, District Judge for the U.S. District Court for the
District of Arizona, sitting by designation.

Anthony Barrientez appeals the district court's decision affirming the Commissioner of Social Security's denial of Barrientez's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423. We have jurisdiction under 28 U.S.C. § 1291. Because substantial evidence supports the Administrative Law Judge's ("ALJ") decision and the ALJ committed no legal error, we affirm.

We review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant. *Aukland v. Massanari*, 257 F.3d 1033, 1034-35 (9th Cir. 2001). The Commissioner's decision must be upheld if it is supported by substantial evidence and is free of legal error. *Id*. at 1035. Under this standard, if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). Additionally, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

First, to the extent the ALJ may have erred by admitting telephonic testimony, we conclude it was harmless error because there remains substantial evidence in the record supporting the ALJ's decision. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Second, while Barrientez may not raise for the first time on appeal his challenge to the ALJ's credibility finding, even if this issue could be raised, the ALJ provided clear and convincing reasons for rejecting Barrientez's subjective symptom complaints. Specifically, the ALJ found some evidence of malingering, and noted the inconsistencies in Barrientez's cognitive test results and discrepancies between Barrientez's reported symptoms and the medical reports. The ALJ also provided sufficient and germane reasons for rejecting the lay witness testimony, because that testimony was based on Barrientez's subjective complaints, which the ALJ found not credible. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Third, the ALJ properly included all limitations that he found credible and supported by substantial evidence in the residual functional capacity (RFC) finding. Contrary to Barrientez's contention, the RFC is not inconsistent with the recommendations assessed by Dr. Heilbrunn. Dr. Heilbrunn did not recommend any specific manipulative or reaching limitations, and the ALJ properly incorporated Dr. Heilbrunn's recommendation that Barrientez may need postural repositioning by limiting Barrientez to sitting for one hour intervals, with the option to stand for up to five minutes as needed during the sitting intervals.

Finally, the ALJ included all limitations that he found credible and supported by substantial evidence in determining the vocational expert hypothetical. *Bayliss v.*

3

*Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Thus, the ALJ properly relied on vocational evidence at Step 5 of the Social Security Administration evaluation process to find that Barrientez is capable of performing sedentary unskilled work that exists in significant numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

Substantial evidence supports the Commissioner's determination and the ALJ committed no legal error.

**AFFIRMED.**