NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID R. ROBERTS,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    18-35559

D.C. No. 3:17-cv-05544-MAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted September 1, 2020**
Seattle, Washington

Before:  BYBEE and COLLINS, Circuit Judges, and STEARNS,*** District Judge.

Petitioner David R. Roberts appeals the denial of his application for

disability insurance benefits and Supplemental Security Income.  The district court

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***     The Honorable Richard G. Stearns, United States District Judge for
the District of Massachusetts, sitting by designation.

had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).  We have jurisdiction under 28 U.S.C. § 1291.  "A district court's order affirming, reversing, or modifying the denial of disability insurance benefits is reviewed de novo."  *Mayes v. Massanari*, 276 F.3d 453, 458 (9th Cir. 2001).  "This court may set aside the Commissioner [of Social Security]'s denial of benefits when the [Administrative Law Judge, or] ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001).  We affirm.

1. Substantial evidence supports the ALJ's evaluation of Roberts's treating physician's medical records.  "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).  Here, Roberts's treating physician did not provide an opinion about Roberts's functional limitations.  She did, however, record several clinical observations and diagnoses over the course of several visits with Roberts.  Contrary to Roberts's argument, the ALJ did not reject the treating physician's observations and diagnoses, including a diagnosis of depression.  Rather, the ALJ acknowledged the depression diagnosis and, pointing to several parts of the record,

determined that Roberts's depression did not rise to the level of a severe mental impairment. The ALJ's interpretation of the treating physician's medical records was not unreasonable.

2. Substantial evidence supports the ALJ's evaluation of the opinions of Roberts's examining physicians. "An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). First, substantial evidence supports the ALJ's decision to give great weight to the opinion of the examining physician whom Roberts visited the day before his disability onset date, who documented a comprehensive physical examination and who recorded observations consistent with his conclusions as well as other clinical observations and testimony in the record. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Moreover, the ALJ accounted for later-produced MRI evidence (which the examining physician could not have reviewed) by finding Roberts even more physically limited than had the examining physician. Second, substantial evidence supports the ALJ's decision to give lesser weight to the opinion of a physical examiner and second individual of disputed identity who produced a Physical Functional Evaluation for the Washington State Department

of Social and Health Services (DSHS). *Ford*, 950 F.3d at 1155. Here, the ALJ noted that the DSHS report contained relatively limited explanations and documentation to support its conclusions, and lacked any documented observations concerning Roberts's gait. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The ALJ also identified specific reasons why he deemed the other examining physician's examination more consistent with others in the record. The ALJ's evaluation was not unreasonable.

3. Substantial evidence supports the ALJ's decision to give little weight to the opinion of a non-examining physician who reviewed the DSHS report. In general, "the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "The weight afforded a non-examining physician's testimony depends 'on the degree to which they provide supporting explanations for their opinions.'" *Id.* at 1201 (quoting 20 C.F.R. § 404.1527(d)(3)) (current version at 20 C.F.R. § 404.1527(c)(3)). Here, the ALJ noted that the non-examining physician based his conclusions on an evaluative report which the ALJ

reasonably assessed as relatively incomplete.  Further, the ALJ noted that the non-examining physician's opinion regarding the maximum weight that Roberts could carry was expressly contradicted by Roberts's own testimony.  The ALJ's decision to attribute lesser weight to the non-examining physician's opinion was not unreasonable.

4.  The ALJ did not err in evaluating the medical findings of two orthopedists who did not provide opinions about Roberts's functional limitations. Roberts's presentation of alternative interpretations of these physicians' clinical observations and diagnoses does not render the ALJ's assessment of the medical evidence unreasonable.

5.  Substantial evidence supports the ALJ's decision to find Roberts's testimony regarding the severity of his impairments only partially credible.  When evaluating a claimant's testimony, an ALJ first "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d at 678.  If this step is satisfied, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Here, the ALJ identified specific instances where Roberts's allegations of functional limitations conflicted with medical evidence in the record and other evidence of Roberts's lived activities, and outlined how aspects of Roberts's testimony were unsupported. The ALJ's credibility determination was not legal error, nor unreasonable.

6. Roberts's other arguments rely on his arguments that the ALJ erred in weighing the medical evidence and discrediting his testimony. The ALJ did not unreasonably weigh Roberts's testimony and the medical evidence; as a result, substantial evidence supports the ALJ's determinations with regards to Roberts's impairments, residual functional capacity, and job availability.

AFFIRMED.

18-35559