**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAY C. THOMAS,

          Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.    19-35662

D.C. No. 3:18-cv-05420-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Petersen, Magistrate Judge, Presiding

Submitted August 31, 2020[**]
Seattle, Washington

Before:  BYBEE and COLLINS, Circuit Judges, and BASTIAN,[***] District Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Stanley Allen Bastian, United States Chief District Judge for the Eastern District of Washington, sitting by designation.

Kay C. Thomas appeals a district court judgment affirming the Commissioner of Social Security's partial denial of his application for disability benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order affirming the Commissioner's denial of social security benefits de novo. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We will only set aside a denial of benefits if the Administrative Law Judge's (ALJ) findings are "based on legal error or are not supported by substantial evidence." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). We affirm.

Substantial evidence supports the ALJ's decision to give little weight to the marked limitations identified by Thomas's treating psychiatrist, Dr. Case, and by three psychologists, Drs. Trowbridge, Wingate, and Bowes. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). The ALJ reasonably found that Dr. Case's treatment notes contradicted both his own opinion that Thomas suffered from several marked limitations, as well as the three psychologists' similar conclusions. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit

2

the opinions of a treating physician or another treating provider."). The ALJ identified Thomas's activity managing his parents' property for several years during the disability period, Thomas's occasional progress during treatment, and Thomas's improvement while taking certain medications as reasons for rejecting evidence of marked limitations. Those findings support the ALJ's decision to give little weight to the marked limitations identified by Thomas's treating psychiatrist and other psychologists.

Substantial evidence also supports the ALJ's conclusion that Thomas's subjective testimony as to the severity of his mental and physical limitations was not fully supported. The ALJ is responsible for evaluating the claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ applied the two-step analysis to evaluate Thomas's testimony and provided clear and convincing reasons to disregard Thomas's testimony concerning the severity of his limitations. *See Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991) (once a claimant produces objective evidence of an impairment, the ALJ must make specific findings before discrediting the claimant's testimony). Thomas's testimony of his inability to work since 2009 was contradicted by his activity managing property and providing communal breakfasts for tenants during the disability period. The ALJ also pointed to Thomas's improvement during

treatment and lengthy gaps in treatment that suggest that his mental impairments were not as limiting as he testified. Accordingly, the ALJ's decision to discount Thomas's testimony was not unreasonable.

The ALJ provided specific and germane reasons that support partially crediting the testimony of Thomas's parents. *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). The ALJ properly found that the testimony of Thomas's parents was inconsistent with the medical opinion evidence and that their testimony did not reflect Thomas's maximum functional capacity. Therefore, substantial evidence supports the ALJ's decision to discount that testimony.

The ALJ did err in dismissing the observations of two agency employees without comment. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (an ALJ cannot disregard lay testimony without comment). However, that error was harmless because the rejected observations were inconsequential to the Residual Functional Capacity (RFC) analysis. *Id.* at 1054 (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)). The agency employees echoed some of the minor limitations identified by Thomas's psychologists, including that he was difficult to interview, was a "poor historian," and struggled to concentrate. However, the ALJ had already incorporated those

4

limitations into Thomas's RFC analysis. Accordingly, the ALJ's failure to comment on them was harmless.

Thomas's remaining arguments rely on his claim that the ALJ failed to properly credit medical opinion evidence and his own testimony during the RFC analysis, which resulted in an incorrect RFC. However, the ALJ did not err in evaluating the medical evidence or Thomas's testimony. As a result, substantial evidence supports the ALJ's evaluation of Thomas's impairments and his RFC. AFFIRMED.