**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDMOND TALLEY,

    Plaintiff-Appellant,

 v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

    Defendant-Appellee.

No. 21-55071

D.C. No. 5:19-cv-02087-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Steve Kim, Magistrate Judge, Presiding

Submitted December 10, 2021[**]
Pasadena, California

Before: M. SMITH, LEE, and FORREST, Circuit Judges.

Claimant Edmond Talley appeals from the district court's order affirming the

Commissioner's denial of his applications for disability insurance benefits under

Title II and supplemental security income under Title XVI of the Social Security

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the district court's order de novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1.　　The ALJ permissibly relied on a vocational expert's response to a hypothetical question, even though the hypothetical did not explicitly incorporate Talley's six-hour standing and walking limitation. The ALJ told the vocational expert to consider the functional capacity for "light work as defined in appendix 2 subpart P in the regulations" with certain other non-exertional mental limitations. As with "medium work," "light work" is "a term of art in disability law with a well-established meaning," *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021), that includes a limitation of "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Thus, the vocational expert would have understood the ALJ's instructions regarding Talley's residual functional capacity to include this limitation. *See Terry*, 998 F.3d at 1013.

2.　　Talley forfeited his challenge to the vocational expert's testimony based on non-Dictionary of Occupational Titles (DOT) data because he did not raise this issue at his administrative hearing. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109–10 (9th Cir. 2017). Instead, Talley raised it for the first time to the Appeals Council

by offering competing vocational evidence. Claimants represented by attorneys must raise "all issues and evidence" to the ALJ to avoid forfeiture. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Talley's counsel could have questioned the expert about the standing or walking requirements of the identified work, but did not. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1156 (2019). Accordingly, Talley forfeited this claim on appeal. *See Shaibi*, 883 F.3d at 1109.

3. Even if not forfeited, Talley's challenge to the vocational evidence on which the vocational expert relied fails. First, the raw data that Talley submitted to the Appeals Council without any explanation or argument offers no ground to conclude that the vocational expert's testimony was "so feeble[] or contradicted[] that it would fail to clear the substantial-evidence bar." *Biestek*, 139 S. Ct. at 1155–56. Moreover, *Terry* forecloses this argument. *See* 998 F.3d at 1013 (holding that non-DOT data "does not necessarily establish either legal error or a lack of substantial evidence" where "a qualified vocational expert is presumptively familiar with" disability law terms and their "attendant limitations," and the record reflects the expert's "unchallenged expertise and [the expert's] reference to the [DOT]"). "[E]ven where the evidence of record is 'susceptible to more than one rational interpretation,' we must defer to the Commissioner's interpretation of the evidence." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)). Accordingly, we conclude that substantial evidence supports the ALJ's finding at

3

step five of the disability evaluation process.

4. Finally, the ALJ gave "specific, clear and convincing reasons" for partially discounting Talley's testimony about his limitations. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation on other grounds* (citation omitted). For example, the ALJ cited conflicts between Talley's allegations of his disabling physical and mental impairments and the objective medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ also noted that Talley reported that his mental-health symptoms improved with medication. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Finally, the ALJ noted inconsistencies between Talley's allegations of disabling physical and mental symptoms and his daily activities. *See Molina*, 674 F.3d at 1112–13.

**AFFIRMED.**