NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCHELLE STANLEY, | No. 21-35236 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05532-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted April 14, 2022**
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,*** Judge.

Rochelle Stanley appeals the district court's order affirming the

Commissioner of Social Security's denial of her applications for social security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

income and disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision *de novo*. *Terry v. Saul*, 998 F.3d 1010, 1012 (9th Cir. 2021) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We review the administrative law judge's ("ALJ") decision for substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). We affirm.

First, the ALJ did not err in her treatment of Stanley's testimony. At prong two of the credibility analysis, the ALJ's negative credibility determination was supported by "specific, clear, and convincing reasons" because Stanley's statements about the severity of her symptoms were inconsistent with the medical and functional evidence in the record. *See Ahern v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021).

Second, the ALJ did not err in weighing the physicians' medical opinions. An ALJ only needs to provide specific and legitimate reasons supported by substantial evidence to reject a medical opinion that is inconsistent with other record evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ found Drs. Neims and Zolnikov's opinions unpersuasive because they were not supported by record evidence and were based on Stanley's self-reported symptoms. *See Tommasetti*, 533 F.3d at 1041. The ALJ's treatment of Dr. Clifford's opinion

2

faithfully represented the overall opinion and was consistent with other record evidence.

Third, Patty Olive's lay witness testimony was inconsistent with evidence elsewhere in the record and thus the ALJ's treatment of it was not reversible error. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Fourth, substantial evidence supports the ALJ's finding at Step Four that Stanley's past relevant work as a "cleaner/housecleaner" constituted substantial gainful activity that does not exceed Stanley's residual functional capacity. We need not reach Stanley's argument that the ALJ erred at Step Five. *See* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

Finally, considering the entire record, we find that Stanley's post-hearing evidence does not undermine the ALJ's determination. *See id.* § 404.970(a)(5); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1160 (9th Cir. 2012).

**AFFIRMED.**