NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN FOSTER, | No. 21-16271 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-08169-SPL |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 8, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Kevin Foster appeals the district court's order affirming the Social Security

Administrator's denial of his application for disability insurance benefits and

supplemental security income. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review the district court's decision de novo and the agency's decision for substantial evidence and legal error. *Terry v. Saul*, 998 F.3d 1010, 1012 (9th Cir. 2021). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We affirm.

1. Foster fails to show a due process violation related to his assertion that the Administrative Law Judge ("ALJ") effectively reopened the prior claim. There was no de facto reopening because the ALJ did not consider "on the merits" the issue of Foster's disability during the previously adjudicated period. *See Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995). The ALJ also did not reopen the prior determination of Foster's impairments or his residual functional capacity ("RFC"). Rather, she found that Foster rebutted the presumption of continuing nondisability as to those issues and then considered the "unadjudicated period" since the date of the last decision. *See id.* at 827–28 (noting that when a claimant rebuts the presumption of continuing nondisability, the period of the subsequent disability claim begins the day after the date of the prior unfavorable decision).

Further, any error under *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998), arising from ALJ's alleged failure to give preclusive effect to the prior ALJ's findings regarding Foster's past relevant work is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding that

2

harmless error principles apply when an error is inconsequential to the ultimate nondisability determination).

To the extent that Foster's brief could be construed as challenging the ALJ's failure to reopen his previous claim, judicial review is unavailable because Foster does not demonstrate a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 107–09 (1977) (judicial review of failure to reopen available only when claimant raises colorable constitutional claim).

2. Foster argues that the ALJ erred by discounting the opinions of treating physicians Dr. El-Harakeh and Dr. Gutgsell. These opinions were contradicted by the opinions of agency reviewing doctors, Dr. Ostrowski, and Dr. Griffith. An ALJ may discount a treating doctor's contradicted opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted). Here, the ALJ found that the opinions of Dr. El-Harakeh and Dr. Gutgsell, provided on check-box forms, were inconsistent with the medical evidence of record.[1] This is a specific and legitimate reason to discount a treating physician's opinion. *See Ford v. Saul*,

---

[1] The Commissioner concedes that the record does not support the ALJ's conclusion that Dr. El-Harakeh "did not examine [Foster] in order to render his opinion." This error is harmless because the ALJ provided other valid reasons to discount Dr. El-Harakeh's opinion, which were supported by substantial evidence. *See Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) (holding that harmless error analysis applies to error related to a treating source opinion).

3

950 F.3d 1141, 1154–55 (9th Cir. 2020) (approving rejection of treating physician's opinion as inconsistent with the medical evidence and the claimant's activities). The ALJ also discounted Dr. El-Harakeh's opinion because she found it based on Foster's subjective complaints, which she had discredited.[2] This is also a specific and legitimate reason that is supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (stating that an ALJ properly rejects a treating physician's opinion that is based on a claimant's discredited self-reports); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Foster urges a different interpretation of the evidence, but the ALJ's conclusion is supported by substantial evidence. *See Tommasetti*, 533 F.3d at 1041.

3.      Foster also challenges the ALJ's determination of his RFC. He argues that the ALJ's RFC determination is not supported by substantial evidence because the state agency non-examining physicians did not render medical opinions but considered themselves bound by the prior ALJ's determination of Foster's RFC. Foster waived this argument by failing to present it to the district court, and he does not assert any basis for not applying waiver. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

---

[2] Foster does not challenge the ALJ's discrediting of his symptom testimony and thus, has waived such an argument. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

Even if not waived, this argument fails. An opinion on a claimant's RFC is "not [a] medical opinion[]." 20 C.F.R. § 404.1527(d)(2). Rather, it is an administrative finding based on "all of the relevant medical and other evidence." *Id.* §§ 404.1545(a)(3), 404.1527(d)(2), 404.1546(c). An ALJ "consider[s] opinions from medical sources" on the issue of a claimant's RFC, but "the final responsibility for deciding [this issue] is reserved to the Commissioner." *Id.* § 404.1527(d)(2); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The record reflects that the ALJ considered the relevant medical and opinion evidence and assessed an RFC that is supported by substantial evidence. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227–28 & n.8 (9th Cir. 2009) (approving ALJ's reliance on state agency evidence to determine RFC).

We have carefully considered and reject Foster's remaining arguments as without merit.

**AFFIRMED.**