**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JAMES TERRY,
                    *Plaintiff-Appellant*,

v.

ANDREW M. SAUL, Commissioner of
Social Security,
                    *Defendant-Appellee.*

No. 19-56000

D.C. No.
2:18-cv-08794-
KES

OPINION

Appeal from the United States District Court
for the Central District of California
Karen E. Scott, Magistrate Judge, Presiding

Submitted February 12, 2021*
Pasadena, California

Filed May 28, 2021

Before:  Richard C. Tallman, Consuelo M. Callahan, and
Kenneth K. Lee, Circuit Judges.

Opinion by Judge Callahan

---

   * The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Social Security**

The panel affirmed the district court's judgment affirming the administrative law judge ("ALJ")'s determination that claimant James Terry was not disabled within the meaning of the Social Security Act.

The panel held that knowledge of the Social Security Administration's longstanding interpretation of the term "medium work" – as requiring standing or walking for approximately six hours out of an eight-hour workday – can be imputed to a qualified vocational expert. Specifically, the panel held that an expert in the field is presumptively aware of the agency's well-established definition of this term of art. When the ALJ asked the vocational expert in this case whether jobs existed for a hypothetical individual who was limited to medium work, that question adequately communicated the term's attendant standing and walking limitations. The panel held that the expert's resulting testimony that a significant number of jobs existed in the national economy for an individual with claimant's limitations constituted substantial evidence in support of the ALJ's determination that claimant was not disabled within the meaning of the Social Security Act.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Lawrence D. Rohlfing, Santa Fe Springs, California, for Plaintiff-Appellant.

Timothy R. Bolin, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, San Francisco, California, for Defendant-Appellee.

**OPINION**

CALLAHAN, Circuit Judge:

At issue is whether knowledge of the Social Security Administration's longstanding interpretation of the term "medium work" as requiring standing or walking for approximately six hours out of an eight-hour workday can be imputed to a qualified vocational expert. *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). We hold that an expert in this field is presumptively aware of the agency's well-established definition of this term of art. Thus, when the administrative law judge ("ALJ") asked the expert in this case whether jobs existed for a hypothetical individual who was limited to medium work, that question adequately communicated the term's attendant standing and walking limitations. It follows that the expert's resulting testimony that a significant number of jobs existed in the national economy for an individual with claimant James Terry's limitations constituted substantial evidence in support of the ALJ's determination that Terry was not disabled within the meaning of the Social Security Act.

I

Terry filed a Title II application for disability benefits in March 2015. Following a hearing, an ALJ found that Terry had not engaged in substantial gainful work activity since his alleged disability onset date of December 18, 2014. The ALJ also found that Terry had a number of severe impairments, but determined that none of them met the severity of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

After considering Terry's impairments, the ALJ determined that Terry had

> the residual functional capacity to perform medium work as defined in 20 CFR [§] 404.1567(c) except he can lift or carry 50 lbs occasionally and 25 lbs frequently; he can sit, stand or walk up to 6 hours in an 8 hour workday; he can occasionally reach overhead with the left upper extremity; he is precluded from working at unprotected heights; he is precluded from operating a motor vehicle; he is precluded from working around moving mechanical parts; he is limited to simple routine and repetitive tasks; and he is limited to superficial occasional interaction with the general public.

Based on testimony from a vocational expert, the ALJ found that with these limitations Terry could not perform his past work as a gardener, stuntman, or butler. The ALJ then asked the vocational expert whether jobs existed for a hypothetical individual "who has the capacity to do medium work, except overhead reaching on the left is occasional; there's not unprotected heights; no moving mechanical parts; no operating a motor vehicle; simple, routine, and repetitive

tasks; [and] with superficial, occasional public contact." The vocational expert responded that jobs existed in significant numbers in the national economy that such an individual could perform, including positions as an order filler, packager, and laundry worker. Based on this testimony and the other evidence in the record, the ALJ determined that Terry was not disabled.

The Appeals Council denied Terry's request for review. Terry then brought a civil action in the district court seeking review of the agency's decision. The district court affirmed and entered judgment in favor of the Commissioner. Terry timely appealed.

## II

"We review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

On appeal, Terry contends that the vocational expert's testimony did not constitute substantial evidence supporting the ALJ's finding regarding the availability of work for someone with Terry's limitations because the ALJ did not reference Terry's six-hour standing and walking limitation in his questioning of the expert. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant."). Although the ALJ's

questions referenced a hypothetical individual with "the capacity to do medium work," Terry argues that there is no reason to assume that the expert understood this to suggest that the hypothetical person had any standing or walking restrictions. Terry further asserts that the jobs identified by the vocational expert require more than six hours of standing or walking per day, which he contends confirms that the expert did not factor in Terry's limitations.

We are not persuaded. "Medium work" is a term of art in disability law with a well-established meaning. 20 C.F.R. § 404.1567(c). While the regulation defining "medium work" does not include any express standing and walking limitation, the Social Security Administration has long interpreted this language to include such a restriction. In a 1983 published Social Security Ruling, the Commissioner interpreted "medium work" to "require[] standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

Here, the testifying vocational expert had significant experience in the vocational rehabilitation field and as an expert witness. Terry's counsel did not object to the expert's qualifications or otherwise challenge the expert's testimony at the administrative hearing. There is no reason to think that the vocational expert was not familiar with Social Security Ruling 83-10 and the agency's longstanding interpretation of "medium work." We thus determine that the ALJ's reference to the term in his questioning of the expert sufficiently conveyed Terry's standing and walking limitations.

Citing O*Net data and information from the Occupational Requirements Survey, which became part of the administrative record as new evidence submitted to the

Appeals Council, Terry claims that the majority of the jobs identified by the vocational expert require more than six hours of standing or walking per day. But this does not necessarily establish either legal error or a lack of substantial evidence to support the ALJ's disability determination. As noted, a qualified vocational expert is presumptively familiar with the meaning of "medium work" as a term of art and its attendant limitations. The expert's opinion that an individual with Terry's restrictions could work as an order filler, packager, and laundry worker was supported by her unchallenged expertise and her reference to the Dictionary of Occupational Titles. This constituted substantial evidence in support of the ALJ's finding that Terry could perform jobs existing in significant numbers in the national economy. *See Ford*, 950 F.3d at 1159 (holding that an ALJ's reliance on qualified, cogent, and uncontradicted expert testimony generally constitutes substantial evidence in support of the ALJ's finding). Importantly, even where the evidence of record is "susceptible to more than one rational interpretation," we must defer to the Commissioner's interpretation of the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995). Because the Commissioner's interpretation of the record regarding occupational characteristics was reasonable, we must defer to it. *Id.*

Terry also claims that Social Security Ruling 83-10 is inconsistent with the regulation defining "medium work." Terry notes that, unlike the Ruling, the regulation does not include any express reference to any standing or walking restrictions. 20 C.F.R. § 404.1567(c). But the relevant inquiry here is whether the ALJ's question to the vocational expert concerning a hypothetical individual sufficiently conveyed all of Terry's limitations, not whether Social Security Ruling 83-10 is entitled to deference. In other

words, the question is whether the ALJ and the expert would have shared an understanding that the term "medium work" implies a six-hour standing and walking limitation. Because we hold that the expert here would have understood the ALJ's question to imply such a limitation, the ALJ's inquiry concerning a hypothetical individual was not incomplete.[1]

## III

For the reasons stated above, we agree with the district court that the ALJ's question to the vocational expert concerning a hypothetical individual was not incomplete. The expert's responsive testimony thus constituted substantial evidence in support of the ALJ's determination that Terry was not disabled within the meaning of the Social Security Act. The judgment of the district court is **AFFIRMED**.

---

[1] Though we need not and do not reach the issue of whether Social Security Ruling 83-10 is a permissible interpretation of 20 C.F.R. § 404.1567(c), we note that this court has cited this particular Ruling's definitions with approval on multiple occasions. *See, e.g.*, *Vertigan v. Halter*, 260 F.3d 1044, 1052 (9th Cir. 2001); *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Gallant v. Heckler*, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984).