NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACY J. THOMPSON,

          Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No.   21-35189

D.C. No. 1:20-cv-03044-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted December 9, 2021[**]
Seattle, Washington

Before: McKEOWN and BADE, Circuit Judges, and FITZWATER,[***] District
Judge.

     Stacy Thompson seeks review of the district court's order affirming the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Commissioner of Social Security's denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order, *Terry v. Saul*, 998 F.3d 1010, 1012 (9th Cir. 2021), and we review for substantial evidence the findings of the administrative law judge ("ALJ"), *id*. We affirm all findings except those with respect to the medical opinion evidence; on those, we reverse and remand to the district court.

Substantial evidence supports the ALJ's evaluation of Thompson's migraines. Thompson argues that the ALJ failed to adapt her earlier "residual functional capacity" (RFC) assessment in line with her conclusion, on remand, that Thompson suffers "severe" migraines. Although Thompson's argument is sympathetic, her allegations fail to clear the bar of showing that the ALJ's ruling was not supported by substantial evidence. 42 U.S.C. § 405(g). The determination of an impairment's severity

> is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, [i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) (internal citations and quotations omitted) (alteration in original). Although the ALJ's explanation of her decision not to list Thompson's migraines under Listing 11.02 was minimal, the ALJ nonetheless assessed Thompson's migraines at length—she simply did so under a

2

separate heading, which is acceptable. *Lewis v. Apfel*, 236 F.3d 503, 512–13 (9th Cir. 2001). We therefore affirm the finding with respect to Thompson's migraines.

We also affirm the ALJ's decision to discount Thompson's testimony with respect to "the intensity, persistence, and limiting effects" of her symptoms, which the ALJ found was "not entirely consistent" with the record. To discount a claimant's testimony with respect to subjective pain or the intensity of symptoms, the ALJ must give "specific, clear and convincing reasons." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations omitted). The ALJ gave several such reasons. In light of the many factors cited by the ALJ in reaching her conclusion to discount Thompson's testimony, we affirm.

We cannot affirm, however, the ALJ's weighing of the medical opinion evidence. In reaching her conclusion that Thompson has "the ability to perform a full range of exertion," subject to several non-exertional limitations, the ALJ "g[a]ve no weight" to the opinions of two treating physicians, an "other" treating source, and a non-treating physician, largely based on alleged inconsistencies with their treatment notes, Thompson's medical record, and the broader record. It is a "general rule" that a treating source's medical opinion "is entitled to 'substantial weight.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). Even contradicted medical opinion evidence is often entitled to significant weight, *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.

3

2014), although an ALJ can discount contradicted medical opinion evidence "by providing specific and legitimate reasons that are supported by substantial evidence in the record," *id*. (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

Many of the ALJ's reasons were not supported by substantial evidence. For instance, the ALJ discounted the 2018 medical opinion of Dr. Daniel Kwon (a treating physician) in part because his opinion allegedly contradicted his treatment records, which showed that Thompson "generally yielded benign examinations." This was not a clear or convincing reason for discounting Dr. Kwon's medical opinion, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), because the ALJ did not explain why generally "benign examinations" (despite "ongoing migraine complaints" and "numerous failed medication efforts") undermined the medical opinion. *See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (ALJ's reason for rejecting medical opinion was not legitimate because it was "not responsive to [the physician's] opinion based on [the claimant's] . . . problems"). The ALJ further discounted Dr. Kwon's 2018 opinion due to Thompson's participation in household and recreational activities. Yet carrying on certain daily or recreational activities does not necessarily contradict allegations of disability. *See, e.g.*, *Orn*, 495 F.3d at 639; *Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Indeed, among the bases for the district court's

4

previous reversal in this case was its holding that the ALJ's assertion of an inconsistency between Thompson's migraines and her ability to hike "is not legally sufficient."

The ALJ improperly ignored Dr. Kwon's 2013 medical opinion without explanation. Such an error was not harmless, as the regulations dictate that consistent opinions are generally accorded greater weight. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015).

Additionally, the ALJ discounted the 2013 and 2018 medical opinions of Shannon Neer (an "other" source) largely because they were "not consistent with her own treatment notes, including those she included for support, which show little to no mention of headaches or abdominal issues …." This conclusion is contradicted by the record, which includes numerous references to headaches and abdominal pain in Neer's treatment records.

Because it is not entirely "clear" that, had the ALJ correctly weighed the medical opinion evidence, she would be "required" to find Thompson disabled, *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996), we remand this matter to the district court to return to the ALJ for reconsideration, affording the proper weight to the medical opinion evidence.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

5