NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMINA R.,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    20-56053

D.C. No. 5:19-cv-02315-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Alexander F. MacKinnon, Magistrate Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and ANTOON,[**] District
Judge.

Claimant Guillermina R. appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

§ 405(g). Our review of the district court's decision is de novo, and "[w]e will 'set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.'" *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). We affirm.

**1.** Substantial evidence supports the administrative law judge's (ALJ)[1] formulation of Claimant's residual functional capacity (RFC). The RFC is consistent with Claimant's contention that she is limited to standing and walking for 6 hours in an 8-hour workday. Although the RFC does not specify a 6-hour limitation in so many words, the RFC explains that Claimant can "perform light work as defined in 20 [C.F.R. §] 404.1567(b)," with certain noted limitations.

"Light work" has a well-established meaning in disability law. *Cf. Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (discussing "medium work," which is similarly defined). The regulation cited by the ALJ describes "light work" as "requir[ing] a good deal of walking or standing." 20 C.F.R. § 404.1567(b). A Social Security ruling further explains: "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-

---

[1] Because the Appeals Council denied Claimant's request for review, the decision of the ALJ became the agency's final decision. *See* 42 U.S.C. § 405(h).

10, 1983 WL 31251, at *6 (Jan. 1, 1983).  Claimant acknowledges and urges that she is limited to 6 hours of standing and walking during an 8-hour workday, and to the extent she asserts that "light work" necessarily requires more than 6 hours of standing and walking, her position is inconsistent with longstanding precedent regarding Social Security Ruling 83-10.  *See, e.g.*, *Terry*, 998 F.3d at 1014 n.1 ("[T]his court has cited [Social Security Ruling 83-10]'s definitions with approval on multiple occasions.").

**2.**     The ALJ properly relied on the vocational expert's response to a hypothetical question even though that question did not expressly include a walking and standing limitation.  The ALJ asked the expert to assume a capability to "perform light work" along with the limitations that the ALJ ultimately specified in the RFC.  Again, "light work" has a well-established meaning, and "the expert here would have understood the ALJ's question to imply" a 6-hour standing and walking limitation,[2] *Terry*, 998 F.3d at 1014.  Thus, "the ALJ's reference to the term in h[er] questioning of the expert sufficiently conveyed" the limitation.  *Id.* at 1013.

      **AFFIRMED.**

----

[2] Although 20 C.F.R. § 404.1567(b) alternatively describes "light work" as "involv[ing] sitting most of the time with some pushing and pulling of arm or leg controls," during oral argument Claimant disclaimed reliance on the presence of this alternative in urging reversal.