NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORNA J. PERNELL, Plaintiff-Appellant, v. KILOLO KIJAKAZI, Acting Commissioner of Social Security, Defendant-Appellee. | No. 21-35619 D.C. No. 2:20-cv-01382-BAT MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted May 19, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Lorna Pernell appeals the district court's order affirming the Social Security

Administration's denial of disability insurance benefits. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1. The Administrative Law Judge (ALJ) did not err by excluding untimely submitted lay witness statements. Under 20 C.F.R. § 404.935(a), claimants must "inform [the ALJ] about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing" or "the administrative law judge may decline to consider or obtain the evidence." Pernell does not dispute that the evidence was submitted less than five days before the hearing, but argues that the "five-day rule" violates the ALJ's obligation to fully and fairly develop the record. *See Sims v. Apfel*, 530 U.S. 103, 111 (2000) ("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). However, the Social Security Commissioner has authority under the Social Security Act to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same." 42 U.S.C. § 405(a). Implementing a deadline for the submission of evidence is a reasonable procedure and is consistent with the ALJ's duty to fully develop the record.

2. At step four, the ALJ did not neglect to fully consider the medical evidence and Pernell's symptom testimony in making the residual functional capacity determination. Substantial evidence supports the ALJ's decision to discount psychologist Dr. Moore's opinion. *See Wood v. Kijakazi*, No. 21-35458, 2022 WL 1195334, at ** 1, 6 (9th Cir. Apr. 22, 2022). In particular, the ALJ noted

2

that Dr. Moore relied on the outdated DSM-IV framework for his diagnostic profile and failed to assess any functional limitations. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Nor did the ALJ fail to fully assess the functional effects of Pernell's fatigue as presented in her medical records. The ALJ relied on multiple opinions from examining and reviewing physicians that recognize and consider her symptoms of fatigue. Although Pernell suffered from fatigue, multiple physicians found that she could still perform a limited range of sedentary work with simple routine tasks.

Finally, the ALJ offered "specific, clear and convincing reasons for" rejecting Pernell's subjective testimony about the severity of her symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). First, the ALJ observed that Pernell's treating physicians wrote in treatment notes that her impairments were generally controlled with medication. Second, the ALJ found that Pernell's activities of daily living were inconsistent with her disability symptom testimony. Third, the ALJ found that Pernell's testimony about her mental health impairment was inconsistent with treatment notes showing that her mental health was stable. Finally, the ALJ noted

3

that Pernell's "drastic complaints of fatigue" were inconsistent with the medical evidence. *See Ahearn v. Saul*, 988 F.3d 1111, 1116–17 (9th Cir. 2021).

3. Substantial evidence also supports the ALJ's step five determination. Although the Vocational Expert (VE) testified that "no more than one day per month of absence would be tolerated on an ongoing basis" and "no more than 10% of time off task would be typically tolerated" by employers, the ALJ properly made his step five determination based on the residual functional capacity assessment, in addition to Pernell's age, education, and work experience. 20 C.F.R. § 404.1569a(a). The ALJ explicitly recognized that Pernell faced additional limitations to those identified by the reviewing physicians and found that she did not have the capacity to perform the "full range of sedentary work." There was no medical evidence in the record to support the additional limitations stated by the VE, so the ALJ was not required to consider them as part of the step five determination. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (affirming denial of benefits where the ALJ's interpretation of occupational characteristics was reasonable).

**AFFIRMED**.

4