**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHELBY KITTRIDGE,

             Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

             Defendant-Appellee.

No.   21-16178

D.C. No. 2:19-cv-00366-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted June 16, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

     Shelby Kittridge appeals the decision of the Commissioner of the Social

Security Administration denying her application for disability insurance benefits

for a period beginning on March 28, 2015.  The Administrative Law Judge (ALJ)

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

found that Kittridge was not disabled during the relevant period, and the district court affirmed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kittridge argues that the ALJ erred in rejecting her subjective testimony. "We review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quotations omitted) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). In rejecting a claimant's testimony about the severity of her pain or symptoms, the ALJ is required "to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

In this case, the ALJ provided clear and convincing reasons for rejecting Kittridge's subjective testimony, and those reasons are supported by substantial evidence. First, the ALJ noted that Kittridge was "at least partially motivated by issues other than her impairments to quit work" because she told the consulting psychologist that she resigned her previous position "to assist her husband with childcare and increased pain required with her position (sitting)." Second, the ALJ found that Kittridge's allegations of debilitating symptoms were inconsistent with

2

her admitted activities of daily life, including caring for her children. Substantial evidence supports the ALJ's conclusion because Kittridge reported that she prepares meals, cares for her son, transports her daughters to school, completes household chores, and cares for numerous animals. *See Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021) (affirming an ALJ's rejection of subjective testimony because the petitioner could play games and watch television for sustained periods, perform personal care, prepare meals, and perform household chores). Third, the ALJ found that Kittridge's testimony was inconsistent with medical evidence. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Substantial evidence supports the ALJ's conclusion because Kittridge's treatment records do not show that she requires frequent bathroom breaks or that she experiences prolonged monthly flare-ups of Crohn's disease. Further, her treatment records show that her fistula was lessening, her back surgery resolved her paresthesias, and she continued to have normal strength in her bilateral lower extremities. At best, Kittridge's argument is that there is more than one rational interpretation of the

medical evidence, but in such cases we defer to the ALJ's interpretation of the evidence. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021).

    **AFFIRMED.**