**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

CHARMAINE LORRAINE SIMMONS,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   22-35627

D.C. No. 3:20-cv-01313-CL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted June 16, 2023[**]
Portland, Oregon

Before:  TALLMAN and RAWLINSON, Circuit Judges, and RAKOFF,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Charmaine Simmons (Simmons) appeals the denial of her application for Social Security benefits.

Reviewing *de novo*, we reverse a decision from an Administrative Law Judge (ALJ) if the "decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citation omitted). "Even if the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (citation and internal quotation marks omitted).

Substantial evidence supports the ALJ's finding that Simmons was not disabled at Step Five of the sequential evaluation process. *See Buck*, 869 F.3d at 1048. "Under Social Security Ruling [SSR] 00-4p, ALJs must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs [Vocational Experts] and information in the Dictionary of Occupational Titles (DOT)." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194 (9th Cir. 2022) (citation, alterations, italics, and internal quotation marks omitted). The ALJ must "explain in the . . . decision how he . . . resolved the conflict." SSR 00-4p at *4. An ALJ "may not rely on evidence provided by a VE . . . if that evidence is based on underlying assumptions or definitions that are inconsistent with . . . regulatory

policies or definitions." *Id.* at *3.

The VE's testimony in this case did not present a conflict with the DOT or rest on an underlying assumption that was inconsistent with regulatory policies or definitions. Although the VE testified that someone who was limited to six hours of standing or walking in an eight-hour workday cannot perform medium work or the jobs that the VE described, the VE clarified that he was "relying on [his] experience" for that conclusion.

The VE did not testify that he relied on the DOT or that he applied his experience rather than the DOT definition of "medium work" in response to the ALJ's hypothetical question about the availability of "medium work" jobs in the national economy. Indeed, the VE cited specific provisions from the DOT in his answer to the ALJ's hypothetical question, and confirmed that his testimony was "consistent with the DOT." Thus, there was no inconsistency for the ALJ to resolve, and the ALJ was permitted to rely on the VE's testimony to conclude that Simmons was not disabled at Step Five. *See Kilpatrick*, 35 F.4th at 1194; *see also* SSR 00-4p at *3.

In any event, the ALJ resolved any potential inconsistency by specifying in his decision that he adopted the VE's testimony except the portion concerning the VE's experience.

3

The ALJ's hypothetical question did not omit the six-hour standing-or-walking limitation. Rather, the ALJ's question prompted the VE to consider the "full range of medium work," which the VE would have understood to imply a six-hour standing-or-walking limitation consistent with the DOT definition of "medium work." *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (explaining that a VE is presumed to be "familiar with Social Security Ruling 83-10 and the agency's longstanding interpretation of 'medium work'").

**AFFIRMED.**