UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMARA ALYN LANHAM,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.    22-35399

D.C. No. 6:20-cv-01601-MC
District of Oregon,
Eugene

ORDER AMENDING
MEMORANDUM DISPOSITION

Before:  RAWLINSON, BEA, and SUNG, Circuit Judges.

The Memorandum Disposition filed on May 4, 2023, is hereby amended by deleting the last two sentences.  With this amendment, the panel unanimously voted to deny the Petition for Rehearing.

Judges Rawlinson and Sung voted to deny, and Judge Bea recommended denying, the Petition for Rehearing En Banc.

The full court has been advised of the Petition for Rehearing En Banc, and no judge of the court has requested a vote.

The Petition for Rehearing/En Banc by Appellant Tamara Lanham, filed June 16, 2023, is DENIED.

A copy of the Amended Memorandum Disposition is attached. No further petitions for rehearing or rehearing en banc will be considered.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMARA ALYN LANHAM,

       Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

       Defendant-Appellee.

No.   22-35399

D.C. No. 6:20-cv-01601-MC

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted April 20, 2023
Portland, Oregon

Before:  RAWLINSON, BEA, and SUNG, Circuit Judges.

     Tamara Lanham appeals the denial of her application for Social Security

benefits.  We review the district court's decision "de novo, and will disturb the

denial of benefits only if the decision contains legal error or is not supported by

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

substantial evidence." *Terry v. Saul*, 998 F.3d 1010, 1012 (9th Cir. 2021) (citation omitted).

1.     Any error in incorporating the residual functional capacity (RFC) limitation of "minimal reading and writing skills" into the hypothetical posed to the Vocational Expert (VE) was harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (explaining that an error is harmless when it is "inconsequential to the ultimate nondisability determination") (citations omitted)). The VE identified two jobs in the national economy, small parts assembler and electronics worker, which do not require reading or writing. And Lanham conceded before the district court and at oral argument on appeal that she could perform these jobs.

2.     The ALJ did not err by declining to address the rebuttal job-numbers evidence. *See White v. Kijakazi*, 44 F.4th 828, 836 (9th Cir. 2022) ("[A]n ALJ need only resolve job-number inconsistencies if the competing job numbers constitute significant probative evidence . . . .") (citation, alteration, and internal quotation marks omitted)). The generic job numbers contained in Lanham's post-hearing filing did not significantly undermine the VE's expert opinion regarding the number of available jobs. *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192–93 (9th Cir. 2022) (recognizing VEs as experts).

**AFFIRMED.**