NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATALIE LUCINDA WILMOT, | No. 23-15603 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01393-SPL |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 3, 2024[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Natalie Lucinda Wilmot appeals from a district court decision affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo the district court's decision affirming the agency's denial of Social Security disability benefits. *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022). We must "affirm the ALJ's findings of fact if they are supported by substantial evidence and if the ALJ's decision was free of legal error." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).

1. The ALJ considered Wilmot's subjective allegations and gave clear and convincing reasons supported by substantial evidence for discounting her symptom testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (explaining that "the 'clear and convincing' standard requires an ALJ to show [her] work," and that the standard is not "whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince"). The ALJ explained how the evidence conflicted with Wilmot's testimony on the intensity, persistence, and limiting effects of her symptoms. This evidence included the objective medical evidence that showed unremarkable and normal findings and the effectiveness of her treatment. *See id.* at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("To assess a claimant's credibility, . . . [t]he ALJ must also consider factors including the 'observations of treating and examining physicians . . . [about] the claimant's

2

symptom[s and] functional restrictions caused by the symptoms . . . .'" (citation omitted)). Substantial evidence supports the ALJ's determination. While the evidence could be interpreted more favorably to Wilmot, we must uphold the ALJ's interpretation when "the evidence of record is susceptible to more than one rational interpretation."[1] *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (internal quotation marks and citation omitted).

2.    Because Wilmot applied for benefits after March 27, 2017, the ALJ's evaluation of the medical opinion evidence and the prior administrative medical findings was governed by 20 C.F.R. § 404.1520c(a) (providing that "[t]he most important factors" are "supportability" and "consistency"). *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). The ALJ applied this standard and explained her consideration of the "supportability and consistency factors." 20 C.F.R. § 404.1520c(b)(2). The ALJ found persuasive the opinions of state agency consultants. The ALJ explained that she found these opinions consistent with the medical record and supported by their review of the medical evidence, references

---

[1] Wilmot observes that the ALJ incorrectly stated that a treatment note from October 2015 was dated September 2017. She asserts that the 2015 treatment note predated the disability onset date and thus, could not be evidence of improvement. Any error was harmless considering that the ALJ mentioned this treatment note "in passing" and there is other evidence of improvement. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (explaining that an error is harmless "when it is clear from the record that [it] was inconsequential to the ultimate nondisability determination" (internal quotation marks and citation omitted)).

to specific findings in the record, and their explanations for their opinions. Because substantial evidence supports this determination, we must uphold it. *See Woods*, 32 F.4th at 787.

**AFFIRMED.**