NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANN CATHERINE LUNSFORD, | No. 23-15910 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-07654-SVK |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

Before: MILLER and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.

Ann Lunsford appeals the district court's order affirming the final decision of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

the Commissioner of Social Security denying her application for disability benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's order upholding the Commissioner's denial of benefits de novo, and reverse only if the decision was not supported by substantial evidence or is based on legal error. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citations omitted). We affirm.

1. Lunsford contends that the Administrative Law Judge ("ALJ") erred by failing to credit the medical opinions of Telford Moore, Ph.D., Kelvin Vu, M.D., and Wendy Brandon, PM-HNP. The ALJ explained that these providers' opinions were unpersuasive because they were unsupported by and inconsistent with their own treatment records, Lunsford's treatment records more generally, and Lunsford's representations about her activities during the relevant period. While Lunsford contends that the ALJ erred by not explicitly addressing factors other than supportability and consistency, the applicable regulations do not require as much. 20 C.F.R. § 404.1520c; *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

2. Lunsford contends that the ALJ's determination that Lunsford had the residual functional capacity ("RFC") to perform light work was not supported by substantial evidence. Lunsford primarily faults the ALJ for "rel[ying] on the

2

opinions [of] non-examining, non-treating, state agency medical consultants" H. Pham, M.D., and A. Pan, M.D., in determining that she could perform light work. She points to her own testimony and medical records noting that she cannot lift more than five to ten pounds comfortably, and the fact that she is prescribed multiple assistive devices for ambulation. She further claims that the ALJ did not articulate how her spinal impairments and neuropathy were considered in his determination.

However, the record refutes Lunsford's contention that there was "no support" for the ALJ's RFC determination. The ALJ explained that "[b]oth [Dr. Pham and Dr. Pan] supported their assessments with a review of the available records[,]" and that "[t]heir conclusions also appear consistent with the longitudinal evidence showing the claimant's generally stable gait with and without an assistive device, good use of both hands, and maintained strength despite pain and decreased sensation." While Lunsford's primary physician indicated that Lunsford's ability to lift weight was limited, the ALJ explained why he did not find this opinion persuasive, noting that "the extreme limitations . . . provided do not appear consistent with the claimant's reported activities during the relevant period, which include[d] cleaning out closets, doing household chores, accompanying her husband to the forest [] for firewood, and running errands with family members." Lastly, while Lunsford asserts that the ALJ did not consider her spinal impairments and neuropathy in his determination, a review of the ALJ's findings does not support this

3

assertion. We find that the ALJ's RFC determination was a rational interpretation of the record and was supported by substantial evidence.

3. Lunsford argues that the ALJ erred by failing to "impose any specific restrictions or limitations on [her] ability to lift weights and . . . sit and stand" during the hypothetical questioning of the vocational expert. As this court explained in *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988), "[h]ypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant." *Id.* at 422. And in *Terry v. Saul*, 998 F.3d 1010 (9th Cir. 2021), this court considered a hypothetical that used the term "medium work" and held that a vocational expert is "presumptively aware of the agency's well-established definition of this term of art." *Id.* at 1011. Here, the ALJ used the term "light," "work at the light level," and "light jobs" at the administrative hearing. Moreover, the ALJ provided the vocational expert with the limitations ultimately specified in the RFC. Thus, the ALJ's reference to light work and Lunsford's specific limitations in his questioning of the expert sufficiently conveyed her limitations. *Terry*, 998 F.3d at 1013.

4. Lunsford further argues that the ALJ erred by concluding that her mental conditions did not meet the requirements of Listings 12.04 (Depressive, bipolar, and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders), and 12.15 (Trauma- and stressor-related disorders). "For a claimant to show that his

4

impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Lunsford contends that "[t]hree separate and independent medical opinions effectively found that Ms. Lunsford met Listings 12.04, 12.06, and 12.15," pointing to the opinions of Dr. Moore, Dr. Vu, and PM-HNP Brandon. As the district court explained, the record "does not support Plaintiff's assertion that these medical providers found that she met the Listings." Moreover, both state agency psychological consultants, John Thibodeau, Ph.D., and Pheadra Caruso-Radin, Psy.D.—the only medical providers that addressed the Listings—found, at most, moderate limitations in the Paragraph B criteria. The ALJ's determination that Plaintiff was not under a disability was a rational interpretation of the record and supported by substantial evidence.

**AFFIRMED.**