NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUDITH SANDERSON, | No.   23-35382 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05749-MLP |
| v. | MEMORANDUM* |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted September 10, 2024
Seattle, Washington

Before:  GRABER and SUNG, Circuit Judges, and RAKOFF,** District Judge.

Claimant Judith Sanderson appeals the district court's decision affirming the

Commissioner of Social Security Administration's denial of her application for

disability insurance benefits. We review de novo a district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

upholding the denial of social security benefits and will set aside the decision of an administrative law judge (ALJ) to deny benefits only if it "contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tomasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Sanderson first argues that the ALJ erred by finding her not disabled at step four of the sequential evaluation process because she was impliedly limited to six hours of sitting. Even assuming a six-hour sitting limitation, the ALJ properly relied on testimony from a vocational expert (VE) to find that Sanderson could perform her past relevant work as a customer complaint clerk. Although the VE testified that the role requires sitting "essentially . . . all day," she agreed that "the standard for sedentary is six out of eight" and explained that "short standing could be done" because it is "standard for people to wear a headpiece now." The record could be interpreted more favorably to Sanderson, but we must defer to the ALJ's interpretation as long as it is rational. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021). Therefore, even if Sanderson were limited to six hours of sitting, substantial evidence supports the ALJ's step-four finding that Sanderson could perform her past relevant work.

2. Sanderson next argues that the ALJ erred by discounting the medical opinion evidence. The governing regulations, *see* 20 C.F.R. § 416.920c(a)–(b),

required the ALJ to assess the persuasiveness of each medical opinion and to explain how he considered the consistency and supportability factors. The ALJ determined that Dr. Thomas Gritzka's opinion was supported by his examination of Sanderson and review of her records. But the ALJ found that Dr. Gritzka's opinion was inconsistent with record evidence, including Sanderson's statements about the severity and timing of her symptoms, as well as her conservative treatment during the period at issue. Because the ALJ is "responsible for determining credibility" and "resolving ambiguities," *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)), substantial evidence supports the ALJ's assessment of Dr. Gritzka's opinion.

Dr. Brian Iuliano and Dr. Michael Strohbach agreed with Dr. Gritzka's opinion but did not explain their concurrences. An ALJ "may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Id.* at 1155 (citing 20 C.F.R. § 404.1527(c)(3)); *see* 20 C.F.R. § 404.1520(c)(1) (same). "[T]he ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Id.* (citation omitted). Because we conclude that the ALJ did not err in discounting Dr. Gritzka's opinion, we reach the same conclusion as to Dr. Iuliano's and Dr. Strohbach's opinions.

3. Finally, Sanderson argues that the ALJ erred by discounting her subjective symptom testimony. The ALJ was required to provide "specific, clear and convincing reasons" for rejecting Sanderson's testimony about the severity of her symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). The ALJ did so: he explained that Sanderson's daily activities, her report of doing "okay," and her conservative care during the relevant period undermined her claims that she was "unable to walk, sit, stand, drive, or lift." Because the record reasonably supports the ALJ's findings, *see Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024), substantial evidence supports the ALJ's assessment of Sanderson's subjective symptom testimony.

**AFFIRMED.**