NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIEN FRAZIER, Plaintiff - Appellant, v. FRANK BISIGNANO, Commissioner of Social Security, Defendant - Appellee. | No. 24-4621 D.C. No. 3:23-cv-05819-MLP MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted August 12, 2025
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Lucien Frazier appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

U.S.C. § 1291. We review de novo the district court's decision affirming the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

agency's denial of benefits, *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022), and must affirm if the agency's decision is supported by substantial evidence and free of legal error, *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).

Frazier first contends that the administrative law judge ("ALJ") erred by discounting the opinions of two physician assistants—Angela Minor and Omar Gonzalez—regarding Frazier's standing and walking limitations. Contrary to Frazier's contentions, the ALJ properly reviewed the opinions of P.A. Minor and P.A. Gonzalez for "supportability" and "consistency." *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). Substantial evidence supports the ALJ's determination that their opinions were inconsistent with (1) their own notes and other treatment records, which indicated that Frazier had a normal gait, did not require the use of an assistive device, moved with ease, and did not present in acute distress; (2) the opinions of three other physicians who, based on their reviews of Frazier's full medical records, determined that Frazier was less limited than P.A. Minor and P.A. Gonzalez opined; and (3) Frazier's reported daily activities. *See id.* at 792–93. Because the ALJ's determination is a rational interpretation of the evidence, we must uphold it. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021).

Frazier next contends that the ALJ impermissibly discounted his testimony that he could stand for only ten to fifteen minutes at a time. The ALJ's proffered reasons for discounting Frazier's testimony—inconsistency with medical evidence

2                                                                                    24-4621

and Frazier's reported daily activities—are specific, clear, and convincing. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (inconsistency with medical evidence); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (inconsistency with daily activities). Because substantial evidence also supports the ALJ's stated reasons for discounting Frazier's testimony, there was no error. *See Smartt*, 53 F.4th at 499–500.

Finally, Frazier contends that the ALJ failed to discharge his duty of reconciling the testimony of a vocational expert ("VE") with the Dictionary of Occupational Titles ("DOT"). The ALJ limited Frazier to occasional overhead, right reaching. The VE testified that Frazier was capable of performing work as an electronics worker, small products assembler II, or marker. Because the DOT defines those jobs as requiring either "frequent" or "constant" reaching, Frazier contends that the VE's testimony was inconsistent with the DOT, and the ALJ was required to resolve that inconsistency on the record.

Under the regulations in effect at the time of the ALJ's decision, the ALJ was required to "reconcile [any] inconsistency" if there was "an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle." *Lamear v. Berryhill*, 865 F.3d 1201, 1206, 1206 n.5 (9th Cir. 2017) (quoting *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th

24-4621

Cir. 2015)) (citing SSR 00-4p, 2000 WL 1898704, at *2). Although the DOT indicates that the identified jobs require "frequent" or "constant" reaching, "not every job that involves reaching requires the ability to reach overhead." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). The ALJ acknowledged that his hypothetical asked for more specific information about the amount of overhead, right reaching required by each job than provided for in the DOT descriptions. The ALJ then asked the VE whether his testimony was (1) consistent with the DOT, and (2) on what his testimony was based to the extent it varied from the DOT descriptions. The VE confirmed that his testimony was consistent with the DOT and that he relied on his many years of professional experience to provide the additional details requested by the ALJ. Given the absence of an "apparent or obvious conflict" between the VE's testimony and the DOT, the ALJ sufficiently inquired into the consistency of the VE's testimony with the DOT and permissibly relied on the VE's testimony. *See id.* at 808–09.

**AFFIRMED.**