**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN J. CODY,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security,<br><br>        Defendant - Appellee. | No. 25-3837<br><br>D.C. No.<br>3:24-cv-05294-SKV<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted May 21, 2026**
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Brian Cody appeals the district court's decision affirming the Commissioner

of Social Security's denial of his application for disability insurance benefits and

supplemental security income. We have jurisdiction under 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's decision, *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022), and affirm as we determine that the administrative law judge's ("ALJ") decision is supported by substantial evidence and free of legal error, *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).

1.    Cody first contends that the ALJ erred in assessing the medical evidence and numerous medical opinions.  Under the regulations applicable to Cody's application, the ALJ was required to give clear and convincing reasons for discounting the uncontradicted opinion of a treating or examining physician; if the opinion was contradicted, the ALJ could reject the opinion for "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (internal quotation marks and citation omitted).

The ALJ gave adequate reasons supported by substantial evidence for the weight assigned to each challenged opinion.  The ALJ permissibly discounted the opinions of Dr. Sylwester, Dr. Deem, and nurse practitioner Nancy Armstrong regarding Cody's exertional limitations as inconsistent with their largely unremarkable clinical findings and the other medical evidence demonstrating that Cody pursued minimal treatment for his back, at times reported no back pain, and regularly presented with normal gait and motor function. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

Cody also challenges the ALJ's decision to assign little weight to the functional limitations assessed by Dr. Davenport. He fails, however, to address the ALJ's primary reason for doing so: that Dr. Davenport attributed the limitations in his opinion to left Achilles tendonitis—a condition which Cody did not consistently report and which did not persist for the requisite 12-month period. Therefore, we need not consider Cody's remaining contentions regarding Dr. Davenport's opinion. *See Nadon v. Bisignano*, 145 F.4th 1133, 1138 (9th Cir. 2025) (claimant "forfeited the argument that the ALJ did not provide sufficient reasons for discounting the opinions of the healthcare professionals" by failing to acknowledge the ALJ's reliance on additional reasons for discounting opinions).

Cody's challenges to the medical opinions regarding his non-exertional limitations similarly fail. The ALJ gave several "specific and legitimate" reasons for assigning less weight to the opinions of Drs. Bowes, Wingate, and Stamschror, *see Lester*, 81 F.3d at 830 (citation omitted), including identifying ways in which the opinions conflicted with the doctors' own clinical observations, other objective medical evidence, and Cody's daily activities. *See Ford*, 950 F.3d at 1155–56. The ALJ also permissibly discounted the opinions of Drs. Wingate and Stamschror to the extent they were based on Cody's self-reports, which the ALJ found to be unreliable. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). And the ALJ gave germane reasons for discounting the opinion of Cody's counselor,

Nathaniel Richards, including the conflict between Richards' opinion and Cody's daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Cody argues that the record could be interpreted to support the discounted portions of the opinions, but we must uphold the ALJ's determination where, as here, it is based on reasonable interpretation of the evidence. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021). And we do not consider arguments insufficiently developed in Cody's opening brief. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

2. Nor did the ALJ err in discounting Cody's symptom-related testimony. This is not a case where the ALJ simply "stated h[is] non-credibility conclusion and then summarized the medical evidence supporting h[is] [residual functional capacity] determination." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Rather, the ALJ provided "specific, clear, and convincing reasons" supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). The ALJ explained that he discounted Cody's testimony in part because the record indicated that Cody sought minimal treatment and told his counselors that he attended therapy only as a requirement to keep his state-provided cash benefits. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (the ALJ may consider treatment history when assessing credibility). His testimony regarding his physical and mental

25-3837

limitations was further undermined by his performance on mental and physical status clinical examinations and his reports that he enjoyed daily walks, sightseeing, going to the library, playing instruments, going to coffee with a friend, and volunteering with the City Gates Ministry. *See Smartt*, 53 F.4th at 499 (recognizing that "[c]ontradiction with the medical record" and engagement in "daily activities inconsistent with the alleged symptoms" are "sufficient bas[e]s for rejecting the claimant's subjective testimony" (internal quotation marks and citations omitted)). The ALJ also reasonably found that inconsistencies in Cody's statements called his credibility into question. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding the ALJ's credibility determination that inconsistencies in claimant's statements indicated lack of candor).

3. The ALJ properly considered notes from W. Andrillon Mo, a Social Security Administration interviewer, and Cindy Harbaugh, a social worker, that included observations about Cody's physical and mental functioning. *See Molina*, 674 F.3d at 1114. Further, any error in the ALJ's consideration of this evidence necessarily would be harmless as Mo and Harbaugh did not describe any limitations beyond those that Cody described in his testimony. *See id.* at 1122.

4. Because Cody's remaining arguments regarding the ALJ's determination of his residual functional capacity and ultimate non-disability finding are derivative of his arguments relating to the ALJ's assessment of the evidence, they

also fail. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting argument that the ALJ's hypothetical did not include all limitations as derivative of already rejected arguments that the ALJ improperly discounted claimant's testimony and opinions of medical experts).

**AFFIRMED.**